Matter of Hamilton v Annucci (2019 NY Slip Op 02940)





Matter of Hamilton v Annucci


2019 NY Slip Op 02940


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

527588

[*1]In the Matter of ROHAN HAMILTON, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Rohan Hamilton, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate account. Petitioner has no right to be restored to the status he enjoyed prior to the disciplinary determination (see e.g. Matter of Woods v Annucci, 131 AD3d 742, 743 [2015]). Accordingly, given that petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Williams v Keyser, 167 AD3d 1202, 1202 [2018]; Matter of Houghtaling v Venettozzi, 160 AD3d 1309, 1309 [2018]). Finally, as the record reflects that petitioner paid a reduced filing fee of $15 and he has requested reimbursement thereof, we grant petitioner's request for that amount. Petitioner failed to submit proof with respect to his other requested reimbursement.
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs, but with disbursements in the amount of $15.